UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(West Palm Beach Division)

Case Number: _____

LISSA PHILLIPE,

    Plaintiff,

vs.

ZIMMER US, INC., a foreign for-profit corporation d/b/a ZIMMER BIOMET,

    Defendant.

_____/

### Count I:  Claim Under 42 U.S.C. § 1981 for Tangible Job Detriment Race Discrimination

Plaintiff, Lissa Phillipe, sues defendant, Zimmer US, Inc., a foreign for-profit corporation d/b/a Zimmer Biomet ("Zimmer"), and alleges:

### Jurisdiction and Venue

1.    This case arises under 42 U.S.C. 1981, the Reconstruction-era statute outlawing racial discrimination in the making and enforcement of contracts.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

2.    The claim being sued upon arose in Palm Beach County, Florida, which makes the West Palm Beach Division of the Southern District of Florida the appropriate venue.

**Parties**

3. Plaintiff, Lissa Phillipe, is an African-American administrative assistant who has worked in the Boca Raton office of Zimmer, a medical technology company, from 2007 until 2009 and from 2011 until January 15, 2021.

4. Defendant, Zimmer US, Inc., a Delaware for-profit corporation d/b/a Zimmer Biomet, is a medical technology company, with its with a principal place of business in Warsaw, Indiana.

**General Allegations**

5. Ms. Phillipe worked for Zimmer from 2007 until 2009, when she was laid off, was rehired in 2011 and worked for Zimmer until January 15, 2021, when she was laid off again.

6. During both periods of employment, Ms. Phillipe was the only African American employee in her facility's offices. The only other African American employees were two men who worked in the facility's warehouse.

7. Ms. Phillipe was qualified for her job and performed it satisfactorily.

8. Zimmer management informed Ms. Phillipe in January 2021 it was eliminating her position and she would be terminated January 15.

9. This one-person "reduction-in-force" occurred:

    a. immediately after Ms. Phillipe had finished training a white woman for two weeks to do her job, and

    b. at the time when Ms. Phillipe observed a job posting for a job that appeared to be identical to her job on the Zimmer "Careers" web page, i.e.: Requisition Number AMER20853 for a full time Administrative Assistant - Medical Device, to work in Boca Raton.  The position remained posted at least through February 17, 2021.

 10. No reason was given for Mr. Phillipe's termination other than the downsizing.

 11. The actions of Zimmer in terminating Ms. Phillipe and replacing her — at least until the advertised position was filled — with a white woman whom she had just finished training, constituted an interference with Ms. Phillipe's right to make and enforce contracts based on her race, as that phrase is defined by 42 U.S.C. § 1981(b).

 12. As a direct, natural and proximate result of Zimmer's actions towards Ms. Phillipe, Ms. Phillipe has suffered damages, including but not limited to:

    a. lost earnings;

    b. diminishment of earning capacity; and

    c. emotional distress and mental anguish.

 13. Zimmer's wilful or recklessly indifferent disregard of Ms. Phillipe's federally protected rights against discrimination in the making and enforcement of contracts was such as to entitle Ms. Phillipe to punitive damages against Zimmer, to punish it and to deter it and others like it from such conduct in the future.

14. If not enjoined by this Court, Zimmer would continue to interfere, based on Ms. Phillipe's race, with Ms. Phillipe's right to make and enforce her contract of employment with Zimmer.

15. Ms. Phillipe is entitled, pursuant to 42 U.S.C. § 1988, to recover her costs and litigation expenses, including a reasonable attorney's fee, for bringing this action.

WHEREFORE, plaintiff, Lissa Phillipe, prays that this Court will grant judgment for her, and against defendant, Zimmer US, Inc. d/b/a Zimmer Biomed:

**One**, determining that Zimmer has interfered, based on Ms. Phillipe's race, with Ms. Phillipe's right to make and enforce contracts, as that right pertains to her employment by Zimmer;

**Two**, enjoining Zimmer and anyone working in concert with it, both preliminarily and permanently, from continuing to interfere, based on Ms. Phillipe's race, with Ms. Phillipe's right to make and enforce contracts, including through reinstatement, or if reinstatement were not reasonable as a make-whole remedy, through an award of front pay;

**Three**, awarding damages against Zimmer for lost wages, lost earning capacity, other financial damages and emotional distress, and for punitive damages;

**Four**, awarding costs, including attorney's fees and litigation expenses, against Zimmer; and

**Five**, granting such other and further relief as is just.

Respectfully Submitted,

/s/    *Karen Coolman Amlong*
KAREN COOLMAN AMLONG
Florida Bar No: 275565
KAmlong@TheAmlongFirm.com
AMY L. BLOOM
ABloom@TheAmlongFirm.com
Florida Bar No: 98275
ABloom@TheAmlongFirm.com
THE AMLONG FIRM
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301-1154
(954) 462-1983

***Attorneys for the Plaintiff,***
  ***Lissa Phillipe***

\\amlong3\cpshare\CPWin\HISTORY\201209_0001\1833.08