UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:21-cv-80388-KAM

LISSA PHILLIPE,

        Plaintiff,

v.

ZIMMER US, INC., a foreign for-profit
corporation d/b/a ZIMMER BIOMET,

        Defendant.

_____/

### DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S VERIFIED BILL OF COSTS

      Defendant, Zimmer US, Inc. ("Defendant"), by and through its undersigned counsel, hereby files this Motion and Memorandum of Law in Support of Defendant's Verified Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C. § 1920, and Southern District of Florida Local Rule 7.3(c), and in support thereof, states as follows:

### BACKGROUND FACTS

      1.     On February 23, 2021, Plaintiff Lissa Phillipe ("Plaintiff") filed a Complaint in the United States District Court for the Southern District of Florida, Case No. 9:21-cv-80388-KAM (ECF No. 1).  In her Complaint, Plaintiff alleged a single cause of action for race discrimination under 42 U.S.C. § 1981.

      2.     On July 29, 2022, this Court entered an Order (ECF No. 34) granting Defendant's motion for summary judgment (ECF No. 18).

      3.     On July 29, 2022, this Court also entered Final Judgment in favor of Defendant and against Plaintiff (ECF No. 35).

4.      As the prevailing party in this matter, Defendant is entitled to recover its costs pursuant to Rule 54(d)(1) and 28 U.S.C. §1920.  As set forth in greater detail below, and as reflected in Defendant's Bill of Costs (attached as **Exhibit A**) and documentation showing the costs incurred (attached as **Exhibit B**), Defendant incurred **$2,461.60** in costs to successfully defend against Plaintiff's claims.

## ARGUMENT

## I.      DEFENDANT IS ENTITLED TO RECOVER ITS COSTS AS THE PREVAILING PARTY

Rule 54(d)(1) states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  In fact, "Rule 54(d) creates a *'strong presumption'* in favor of awarding costs to the prevailing party." *Campbell v. Humphries*, 353 Fed. App'x 334, 337 (11th Cir. 2009) (citing *Mathews v. Crosby,* 480 F.3d 1265, 1276 (11th Cir. 2007) (emphasis added)).  Indeed, "[u]nder the Federal Rules, prevailing parties are entitled to recover costs as *a matter of course* unless otherwise directed by the court or statute." *Flagstar Bank, FSB v. Hochstadt*, No. 08-80795-Civ-Hurley/Hopkins, 2010 U.S. Dist. LEXIS 29203, at *21 (S.D. Fla. Mar. 4, 2010) (emphasis added).  The losing party has the burden of challenging the costs requested by the prevailing party.  *See EEOC v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000), *reh'g and reh'g en banc denied*, 233 F.3d 580 (11th Cir. 2000).

A defendant in whose favor summary judgment is granted is deemed the prevailing party and entitled to its costs under Rule 54(d)(1) and 28 U.S.C. § 1920.  *Gaylor v. Fla. Dep't of Corr.*, No. 09-14365, 2010 U.S. Dist. LEXIS 137882, at *1 (S.D. Fla. Nov. 9, 2010) (confirming that the defendant was the prevailing party in the action based upon the court's granting of summary judgment).  Because judgment was entered in favor of Defendant on Plaintiff's claims, Defendant

is the prevailing party and is entitled to recover its costs incurred in defending against Plaintiff's claims.

## II.   <u>TAXABLE COSTS TO BE AWARDED TO DEFENDANT</u>

Defendant seeks to recover its taxable costs necessarily incurred for use in this case in the amount of **<u>$2,461.60</u>**, which represents costs Defendant incurred for a court reporter and transcript in connection with Plaintiff's deposition.

Taxable costs include "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). In order to be deemed "necessarily obtained," a deposition need only be "related to an issue which was present in the case at the time the deposition was taken." *W&O*, 213 F.3d at 621. The burden lies with the challenging party to show that a deposition was not related to an issue in the case at the time it was taken. *Id.* Further, "[a] district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions." *Id.* (quotation omitted). Critically, however, "[c]ourts do not limit costs to those portions of the depositions actually filed with a motion for summary judgment." *Price v. United Techs. Corp.*, No. 99-8152-Civ-Ferguson/Snow, 2000 U.S. Dist. LEXIS 21504, at *4 (S.D. Fla. Nov. 16, 2000).

Here, the fees incurred for a court reporter and deposition transcript in connection with <u>Plaintiff's</u> deposition (as outlined in Defendant's Bill of Costs, **Exhibit A**, and the supporting documentation attached as **Exhibit B**) were necessarily obtained for use in the case. Indeed, Plaintiff's deposition testimony was largely the basis for Defendant's successful motion for summary judgment. Accordingly, Defendant should be awarded court reporter fees and deposition transcript costs incurred for Plaintiff's deposition.

## <u>CONCLUSION</u>

Because Defendant is the prevailing party in this action and the aforementioned costs were necessarily incurred by Defendant to defend this action, and as shown in the attached Bill of Costs and the supporting documentation, Defendant respectfully requests that the Court tax costs in its favor and against Plaintiff in the amount of **<u>$2,461.60.</u>**

### <u>S.D. Fla. L.R. 7.1 and 7.3 Certificate of Good Faith Conference</u>

Pursuant to Local Rules 7.1(a)(3) and 7.3(c), David Z. Feingold, Esq., as counsel for Defendant, certifies that he conferred with Plaintiff's counsel, Karen Amlong, Esq. regarding the relief requested in this Memorandum of Law via email on August 27, 2022 in a good-faith effort to resolve Defendant's Bill of Costs, and that Plaintiff's counsel advised that Plaintiff does not oppose that Defendant is entitled to costs, but opposes some of the relief requested. Plaintiff opposes all charges other than the first itemized charge in invoice 5499403 and oppose all charges other than the first two itemized charges in invoice 5455663. Defendant does not demand payment of the $300 concierge charge in invoice 545663.

Dated: August 29, 2022         Respectfully submitted,

JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, FL 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

By: *s/ David Z. Feingold*
Paul F. Penichet, Esq.
Florida Bar No. 899380
E-mail: *paul.penichet@jacksonlewis.com*
David Z. Feingold, Esq.
Florida Bar No. 1025155
E-mail: *david.feingold@jacksonlewis.com*

*Counsel for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 29, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ David Z. Feingold*
David Z. Feingold, Esq.

### SERVICE LIST

Karen Coolman Amlong, Esq.
Florida Bar No.: 275565
E-mail: *kamlong@theamlongfirm.com*
William R. Amlong, Esq.
Florida Bar No.: 470228
E-mail: *wramlong@theamlongfirm.com*
THE AMLONG FIRM
500 Northeast Fourth Street
Suite 101s
Fort Lauderdale, Florida 33301-1154
Telephone: (954) 462-1983

*Counsel for Plaintiff*

Paul F. Penichet, Esq.
Florida Bar No. 899380
E-mail: *paul.penichet@jacksonlewis.com*
David Z. Feingold, Esq.
Florida Bar No. 1025155
E-mail:  *david.feingold@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Defendant*

4875-2580-6128, v. 1