UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-80388-MARRA/MATTHEWMAN

LISSA PHILLIPE,

    Plaintiff,

v.

ZIMMER US, INC., a foreign for-profit
Corporation d/b/a ZIMMER BIOMET,

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION FOR BILL OF COSTS [DE 36]**

**THIS CAUSE** is before the Court upon Defendant, Zimmer US, Inc.'s ("Defendant") Motion and Memorandum of Law in Support of Defendant's Verified Bill of Costs ("Motion") [DE 36]. This matter was referred to the Undersigned by the Honorable United States District Judge Kenneth A. Marra. *See* DE 38. Plaintiff, Lissa Phillipe ("Plaintiff"), has filed a Response Confirming Non-Opposition to Defendant's Verified Bill of Costs [DE 37]. For the reasons that follow, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge grant in part and deny in part the Motion [DE 36] and award Defendant costs in the amount of **$2,085.60** against Plaintiff.

          **I.**        **BACKGROUND**

On February 23, 2021, Plaintiff filed a Complaint in the instant case. [DE 1]. On July 29, 2022, the Court entered an Order granting Defendant's Motion for Summary Judgment [DE 34].

1

On the same date, the Court also entered judgment in the instant case on behalf of Defendant and against Plaintiff. [DE 35]. No notice of appeal has been filed, and the time for filing a notice of appeal has passed. Defendant's Motion was filed on August 29, 2022. The Motion seeks costs pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and S.D. Fla. L. R. 7.3(c). Attached to the Motion is the supporting documentation.

## II.     COSTS

Defendant requests a total of $2,161.60 in costs[1] and specifically seeks the following costs: (1) $1,046.60 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case; and (2) $1,115.00 in other costs—"other court reporter fees less $300 for Concierge Services." [DE 36-1]. In its Motion, Defendant generally describes the nature of the costs sought to be recovered and the reasons why those costs were incurred. [DE 36]. Plaintiff has filed a Response Confirming Non-Opposition to Defendant's Verified Bill of Costs [DE 37][2], in which she states that Defendant is "not seeking reimbursement for the costs to which [P]laintiff objected and is entitled to an award in the amount of $2,161.60."[3]

---

[1] The Motion mistakenly requests $2,461.60 in costs [DE 36], but the Bill of Costs only seeks $2,161.60 in costs, which is clearly the correct amount sought since Plaintiff and Defendant agree Defendant is not entitled to the $300.00 incurred for "Concierge Tech Support."

[2] Plaintiff acknowledges that her response was filed one day late but asks that it be accepted because Defendant "is not prejudiced by the one day late filing and does not object." Since the response essentially states that Plaintiff does not object to the costs sought by Defendant, the Court will accept it one day late.

[3] Regardless of whether Plaintiff objects to certain costs or not, the Court has an independent duty to only award costs which are lawful and justified under federal law. *See Savino v. Federated Law Grp., PLLC*, No. 18-60956-CIV, 2019 WL 2008901, at *1 (S.D. Fla. Mar. 28, 2019); *Zendejas v. Redman*, No. 15-81229-CV, 2018 WL 5808705, at *1 (S.D. Fla. Nov. 6, 2018); *Humphrey v. Napolitano*, No. 11-20651-CIV, 2012 WL 1416424, at *1 (S.D. Fla. Apr. 24, 2012); *McIntyre v. FLX of Miami, Inc.*, No. 08-20030-CIV, 2008 WL 5070249, at *1 (S.D. Fla. Nov. 25, 2008). This is because, "[a]bsent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920." *Morales v. M & M Painting & Cleaning Corp.*, No. 07-23089-CIV, 2008 WL 5070304, at *1 (S.D. Fla. Nov. 25, 2008) (citing *EEOC v. W & O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000)).

A. Legal Standard

Federal Rule of Civil Procedure 54 states in part, "[u]nless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). For purposes of Rule 54(d)(1), a "prevailing party" is the party in whose favor judgment is rendered by the Court. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). Here, there is no doubt that Defendant is the prevailing party, as evidenced by the judgment on behalf of Defendant and against Plaintiff. [DE 35].

Next, 20 U.S.C. § 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987). Pursuant to § 1920, a judge or clerk of any court of the United States may tax costs regarding the following:

> (1) Fees of the Clerk and Marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

B. Analysis

Defendant seeks to recover deposition transcript and court reporter fees in the amount of $2,161.60. [DE 36]. The fees are for the court reporter's attendance at Plaintiff's deposition and for the transcript from Plaintiff's deposition. [DE 36-2]. According to Defendant, Plaintiff's

3

deposition and the transcript of that deposition were "necessarily obtained for use in the case" as "Plaintiff's deposition testimony was largely the basis for Defendant's successful motion for summary judgment." [DE 36 at 3].

The Eleventh Circuit has held that costs for deposition transcripts are generally taxable as long as the transcripts were "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken. *Id.* Additionally, "[b]ecause the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008). "In addition, many courts in this district have held that court reporter attendance fees are taxable as costs." *Sutton v. Royal Caribbean Cruise Line*, No. 16-24707-CIV, 2018 WL 4282843, at *3 (S.D. Fla. Sept. 7, 2018) (citing *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258-59 (S.D. Fla. 2013)).

The Court finds that Defendant has established that the deposition of Plaintiff and the deposition transcript were necessarily obtained for use in this case. The Court additionally notes that Plaintiff does not object to Defendant's request. Furthermore, Defendant has provided the relevant invoices [DE 36-2] and has voluntarily cut the $300 incurred for "Concierge Tech Support" from the total amount of fees claimed.

While the Court does generally find that Plaintiff is entitled to recover the court reporter

attendance fees and transcript costs, the Court finds that the invoices from Veritext Legal Solutions contain two fees that are not recoverable. First, electronic delivery and handling costs are not recoverable. *See, e.g.*, *RGF Env't Grp. v. Activ Tek Env't Corp.*, No. 08-80682-CIV, 2010 WL 3269982, at *3 (S.D. Fla. July 21, 2010) (declining to award costs for delivery charges); *TMH Med. Servs., LLC v. Nat'l Union Fire Ins. Co. of Pittsburg, PA,* No. 17-cv-920-Orl-37DCI, 2020 WL 5984040, at *4 (M.D. Fla. Sept. 2020) (declining to award "electronic delivery and handling" costs when necessity was unclear and unsupported by moving party's motion). And, here, Defendant has not made any argument as to why the electronic delivery and handling fees were necessary. Second, Defendant has not provided any explanation as to why a "Litigation Package— Secure File Suite" was necessary. Since Defendant has not met its burden to provide sufficient detail to justify the costs related to the "Litigation Package" fees, and the Undersigned is unable to determine whether the fees were for the convenience of counsel, such fees must be denied. *Alfaro v. Bank of Am., N.A.*, No. 19-22762-CIV, 2021 WL 5920830, at *8 (S.D. Fla. Aug. 3, 2021), *report and recommendation adopted,* No. 19-22762-CIV, 2021 WL 5919022 (S.D. Fla. Dec. 15, 2021)

After subtracting the fees that Defendant is not entitled to recover ($48.00 for the "Litigation Package—Secure File Suite" and $28.00 for "Electronic Delivery and Handling"), the Undersigned has calculated that Defendant is entitled to $2,085.60 in court reporter attendance and transcript fees.[4] The undersigned **RECOMMENDS** that the District Judge award Defendant $2,085.60 in costs.

---

[4] The Undersigned is not recommending that the charges for "Veritext Virtual Primary Participants" or "Exhibit Share" be removed since remote depositions are a norm in our post-pandemic society, and those charges are clearly tied to the remote nature of the deposition. Furthermore, Plaintiff is not objecting to the charges.

### III. CONCLUSION

In light of the foregoing, the undersigned **RECOMMENDS** that the District Judge **GRANT IN PART AND DENY IN PART** Defendant's Bill of Costs [DE 36] and further **RECOMMENDS** that Defendant be awarded total costs in the amount of $2,085.60. Plaintiff Lissa Philippe should be ordered to pay Defendant total costs in the amount of **$2,085.60**, and a judgment should be entered against Plaintiff accordingly, for which let execution issue.

### IV. NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Kenneth A. Marra. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of September 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge